## Devereaux v. Thomas

C.P. of Philadelphia County, no. 970307640.

*Sharon N. Harvey,* for petitioner.
*Walettra C. Thomas,* pro se.

GORDON, *J.,* October 2, 1998—This court has before it a petition to expunge a domestic abuse record filed by the petitioner Wellington Devereaux. The basis for the request is that the underlying action in which he was the respondent was dismissed for lack of prosecution. After consideration of this matter and a review of the applicable law, we must deny the petition.

The facts may be summarized as follows:

On March 27, 1997, Walettra Thomas filed a petition with the First Judicial District's Domestic Violence Unit seeking a protection from abuse order against Wellington Devereaux, the petitioner herein. The allegations in the petition recited threats of bodily harm and fell within the purview of the statute, 23 Pa.C.S. §6101 et seq. A temporary ex parte PFA order was granted and a hearing was scheduled for April 4, 1997. On the day of the hearing, Thomas failed to appear, and the case was dismissed for lack of prosecution. The temporary order was vacated.

In July 1998, Devereaux filed a petition for expungement of the domestic abuse record because of its prejudicial effect on his government employment opportunities. A hearing was scheduled for July 27, 1998, but was continued at the request of Ms. Thomas. The new hearing date of August 4, 1998 was personally served on Devereaux in the courtroom and was sent via United States mail to Thomas. At the hearing on August 4, 1998, Thomas did not appear.

The petitioner avers that this case is listed on the county or state registry in accordance with 23 Pa.C.S. §6105. He further avers that such record places him in an unfounded and prejudicial predicament because of the negative impact it will have on his ability to obtain employment with the Federal Bureau of Investigation.

Devereaux argues that because the petition was vacated without a hearing on the merits, it is akin to a non-suit in other civil litigation and, thus, has the same effect as having never been brought. Mr. Devereaux states that no harm is attendant to the Commonwealth for expungement and that there exists no party with an adverse interest to notify other than Ms. Thomas.

The issue before us is whether this court has the authority to expunge a protection from abuse record.

The legislative intent of the Protection From Abuse Act, 23 Pa.C.S. §6101 et seq., was to prevent domestic violence between family members and cohabitants. The Act allowed for a civil remedy to an ever-increasing social problem. The purpose of the legislation is not to penalize past criminal conduct, but advance protection from physical and sexual abuse. *K.D., a Minor, by K.H.D., Guardian v. J.D.,* 696 A.2d 232 (Pa. Super. 1997); *Snyder v. Snyder,* 427 Pa. Super. 494, 629 A.2d 977 (1993). The court is empowered to grant broad relief to bring about a cessation of abuse. *Heard v. Heard,* 418 Pa. Super. 250, 614 A.2d 255 (1992).

The need for protection from a family member, intimate partner or cohabitant is sometimes more exigent because the abuser has easier access to the victim in his or her home. Because of this the legislature determined that an ex parte order is appropriate, pending a full hearing. The respondent's due process rights are safeguarded with the requirement that a full hearing be held within 10 days.

It is widely held that spousal, child, elderly and other familial abuse is a prevalent concern within the United States. All 50 states now have enacted some form of abuse legislation to protect victims from acts of threats, physical harm, stalking and harassment.

Proponents of abuse laws argue that it is frequently a result of the abuser's system of fear and intimidation which prevents the victim from seeking relief or halts the judicial process. These are matters the legislature considered when allowing for ex parte orders, removal of the abuser from the property and lowering the burden of proof than that which is required for a private criminal complaint.

In 1994, the PFA Act in Pennsylvania was amended. The legislature expanded the requirements for keeping an updated and statewide registration of all PFA orders as well as expanding the responsibilities of law enforcement agencies' statistical reporting. The 1994 amendment of section 6105 added the following:

"(e) Statewide registry—

"(1) The Pennsylvania State Police shall establish a statewide registry of protection orders and shall maintain a complete and systematic record and index of all *valid temporary and final* court orders of protection or court-approved consent agreements. (emphasis added)

"(g) Annual report—

"The Pennsylvania State Police shall annually compile and analyze the incident report data received and publish a statewide report which includes aggregate, county and department-based statistical profiles. The Pennsylvania State Police shall transmit a copy of the annual report to the governor, the General Assembly and each domestic violence program in this Commonwealth."

Although the district attorney or the attorney general may not have a direct interest in the court's expungement of a PFA record, the Commonwealth as a whole may, despite Devereaux's assertion to the contrary. The Commonwealth has a legitimate interest in maintaining abuse data which could help it identify future victims as well as those who file multiple or frivolous claims. Such a data bank has value for the purposes of research, policy-making, and/or funding. Administrative records remain valuable even when the case has been terminated for lack of prosecution.

We can find no case in this Commonwealth directly on point as to the authority of a court to expunge a PFA record. Some guidance, however, can be taken from other jurisdictions. The Massachusetts case of *Vaccaro v. Vaccaro* is directly on point and stands for the principle that expungement is not available for abuse petitions. In *Vaccaro,* an ex parte temporary abuse petition was vacated after a hearing on the merits. Subsequently, the respondent requested and the trial court granted expungement of his record based on the dismissal. The Massachusetts Supreme Judicial Court overturned the trial court, holding that all records placed in the state abuse registry must remain there, whether active or inactive.

The Massachusetts Department of Probation, which was responsible for updating and maintaining the registry, argued that there existed no statutory authority to remove someone from the registry.

The Supreme Judicial Court agreed, stating:

"The legislature's express directive in the [abuse-registry] Act, that a computerized record be kept in the system of all orders, inactive as well as active, and the absence of a provision for removal or authority for expungement, reflects a deliberate legislative decision that all records be available for review by a judge who is considering an application for a restraining or protective order. . . ." *Vaccaro v. Vaccaro,* 425 Mass. 153, 680 N.E.2d 55 (1997).

In other types of civil cases, both state and federal courts have found that the states have a legitimate interest in maintaining accurate records. The United States Supreme Court ruled that it was reasonable for the government to collect and maintain private data, including a specific data bank of prescription drug users, despite the individual's desire for anonymity. *Whalen*

*v. Roe,* 429 U.S. 589 (1977). The United States Third Circuit Court of Appeals found that the government has a substantial interest in maintaining employees' medical files for determination of workplace risks. *U.S. v. Westinghouse Electric Corp.,* 638 F.2d 570 (1980). Our state Supreme Court denied a request that an indicated report of child abuse be expunged from an individual's records. *R. v. Commonwealth, Department of Public Welfare,* 535 Pa. 440, 636 A.2d 142 (1994). Such interests should be considered with the current petition as well.

The petitioner in the present case also avers that his case is akin to that of a non-suit in other civil trial litigation. That is not entirely accurate. A voluntary non-suit is usually based on a business decision by the plaintiff that his evidence thus far is insufficient, that an offer of settlement is more appealing, or because of some other rational conclusion. Whatever the basis, it is reasonable to assume the decision is voluntary. In the area of domestic abuse, such an assumption cannot be so readily made. As mentioned above, groups who lobbied for the Protection From Abuse Act warn against viewing all acts of non-prosecution as a result of sound judgment or as totally voluntary.

The fact that a case was dismissed for lack of prosecution tells us only that the action was not heard on the merits. It can say nothing about the existence nor lack of wrongdoing by the respondent. Assuming *arguendo* this case can be compared to a civil action non-suit, counsel has not directed us to any case law that allows the expungement of a civil record.

The petitioner implies that because the district attorney or attorney general has no stake in the outcome of this petition, then the Commonwealth has no interest to protect and therefore will not be harmed. We disagree.

When the legislature amended the Act in 1994, it specifically inserted the record-keeping provisions. The lawmakers included temporary as well as final court orders. We conclude from this that the Commonwealth does have a legitimate interest in these kinds of proceedings.

In making a determination in this matter, we must weigh the petitioner's interest against that of the Commonwealth. Balancing the need to prevent familial and cohabitant abuse against the harm of one being falsely accused is a difficult undertaking. In making this test, we must give consideration to the legislative decision to not provide a remedy for record expunction.

Such a remedy for expunction is provided in our criminal statutes, 18 Pa.C.S. §9122, and in some forms of abuse proceedings. 23 Pa.C.S. §6337(c) (Child Protection Act). The legislature has not spoken on this issue in the area of PFA orders. With this quiescence by our representatives in the General Assembly, one can conclude that they did not intend to offer such a recourse. If so, it could have been addressed at the time of the 1994 amendment. It was not.

The petitioner's concern is that any potential government employer, having access to the county registry, will disqualify him because his name is in the register. We believe the petitioner's perceived harm is speculative as to any probable loss of employment. *R. v. Commonwealth, Department of Public Welfare, supra.* Notwithstanding his fear, however, the PFA Act provides a safeguard for him. It declares that the Pennsylvania State Police shall enter orders, amendments and revocations in the statewide registry within eight hours of receipt. 23 Pa.C.S. §6105(e)(2).

Since the underlying case was dismissed for lack of prosecution, the temporary PFA order was vacated. Presumably this information has been placed in the registry. Anyone reviewing the record concerning the

petitioner would be able to see not only that a claim was lodged against him, but the disposition of the complaint.

We conclude that this petition should be denied. If it is granted, it may become a precedential sliding slope of the type unintended by the legislature. The General Assembly of Pennsylvania has provided no provision or direction for the expunction of a PFA order and it is reasonable to conclude that a lack of such a provision was deliberate. As this is the case, this court is of the opinion it has no authority to tread in waters where the legislature has not gone, no matter how shallow the creek may be.

Based on the foregoing, Wellington Devereaux's petition to expunge the domestic abuse record in this case must be denied.

### ORDER

And now, to wit, October 2, 1998, upon consideration of the petition of Wellington A. Devereaux to expunge the protection from abuse record in the above-captioned matter, it is hereby ordered and decreed the petitioner's motion is denied.